

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00306-CR

———————————————————

CHRISTIAN ABEL VALERA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1602378R

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Christian Abel Valera appeals the trial court's judgments on two assault counts. Valera's appointed counsel filed a motion to withdraw and a brief in support of his motion in which the attorney asserts that Valera's appeal is frivolous. We grant appointed counsel's motion and affirm the trial court's judgments on both counts.

## Background

Before a jury and without a plea bargain, Valera pleaded guilty to Count 1—assault bodily injury of a family or household member by impeding the breathing or circulation of the blood of the victim with a prior conviction, a second-degree felony—and Count 2—assault bodily injury of a family or household member with a prior conviction, a third-degree felony. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A), (b-3). Valera also pleaded true to the repeat-offender notice to both counts. As a result, Valera's punishment range for Count 1 was that of a first-degree felony and his punishment range for Count 2 was that of a second-degree felony. *See id.* § 12.42(a), (b).

During voir dire, Valera successfully removed one venire member for cause. At voir dire's conclusion, the trial court seated and swore in the jurors without objection.

When testimony started the next day, Valera stated on the record that he wanted to wear his jail clothing and that he had discussed the matter with his attorney. The day before, for voir dire, Valera had worn a coat and tie.

During trial, the trial court sustained a number of Valera's objections; on each occasion, though, Valera requested no additional relief. *See Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). The trial court overruled Valera's relevance objection and admitted evidence that an officer had arrested Valera for an earlier offense. Any dispute over that evidence's admissibility vanished when Valera later admitted committing and being convicted for that offense. *See Prince v. State*, 574 S.W.3d 561, 574 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). The trial court overruled the State's one objection.

At the charge conference, Valera did not object. And the punishment charge reflects the correct enhanced punishment ranges for both offenses.

After the jury retired to deliberate, it sent the court one note with a question. Neither the State nor Valera objected to the trial court's response.

Ultimately, the jury assessed Valera's punishments at 25 years' and 10 years' incarceration for Count 1 and Count 2, respectively. Both punishments were within the appropriate statutory ranges. *See* Tex. Penal Code Ann. §§ 12.32, 12.33. In accordance with the jury verdicts, the trial court sentenced Valera.

The judgments for both counts contained clerical error by reciting that Valera was to serve his sentences in a state jail facility. Correcting this clerical error, the trial court signed a judgment nunc pro tunc stating that Valera was to serve his sentences in the Institutional Division of the Texas Department of Criminal Justice.

## Discussion

The record shows no arguable point to pursue.

On appeal, Valera's court-appointed appellate attorney filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Although Valera was given an opportunity to file a response, he filed none. The State responded by letter and agreed with Valera's counsel that the appeal was frivolous.

*Anders* requires that counsel present a professional evaluation of the record showing why there are no arguable grounds for relief. *Cf. id.*, 87 S. Ct. at 1400. Because counsel's *Anders* brief provides only conclusions, *see Thomas v. State*, No. 02-19-00056-CR, 2020 WL 938184, at *1 n.1 (Tex. App.—Fort Worth Feb. 27, 2020, no pet.) (mem. op., not designated for publication), counsel's motion and brief do not strictly follow the requirement of evaluating the record and explaining why an appeal would be frivolous.[1] But because appellate counsel was also Valera's trial counsel, the record as a whole shows that counsel had a thorough and accurate knowledge of the offenses charged, the trial, the punishments assessed, and the absence of arguable error.

---

[1]In addition, the brief twice describes Count 1 as an assault family violence with strangulation without mentioning the prior-conviction allegation, meaning that the offense would have been a third-degree felony. In fact, it was a second-degree felony. *Compare* Tex. Penal Code Ann. § 22.01(b)(2)(B), with *id.* § 22.01(b-3). The brief also omits any mention of the punishment Valera received on Count 2.

When appointed counsel files an *Anders* motion and brief, we must independently examine the entire record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Our independent review of the record confirms counsel's conclusions, but we remind counsel that an *Anders* brief should explain how he arrived at concluding that the appeal had no arguable points. *See Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Because there are no arguable issues in the record, ordering counsel to file another, more thorough brief or abating the appeal for the appointment of new appellate counsel would result in a waste of resources for all involved. *See Stafford*, 813 S.W.2d at 510 & n.2, 511.

## Conclusion

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments on Counts 1 and 2, as corrected by the trial court's judgment nunc pro tunc.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 11, 2021